## PARKER *et al.* v. HAGGERTY.

1. In trespass to try titles, the declaration alledged, that the plaintiff was in posses-
sion, on the 1st of January, of the premises, and that the defendant entered with
force and arms, on the 2d day of January—Held, that it was a sufficient aver-
ment of possession at the time of the eviction.

2. Where a commission was issued by the clerk, under the authority conferred by
the first section of the act, authorizing testimony to be taken by deposition, and
he omitted to state what notice should be given of the time and place of taking
the deposition,—Held, that the deposition could be read, if the court was satis-
fied by proof, that the notice actually given was sufficient.

3. A witness cannot answer " that S. was tenant under P. who was claimant;"
but must state the facts which constitute the relation of landlord and tenant.

Error to the Circuit Court of Montgomery.

THE defendant in error brought this action to try titles to a
lot of land in the town of Wetumpka, and obtained judgment.

The declaration alledges " that heretofore, to-wit: on the 1st
January, 1839, he was seized in his demesne as of fee, of a lot
of land in the town of Wetumpka, and that the defendants after-
wards, to-wit: on the 2d day of the month and year aforesaid,
with force and arms, entered upon the said premises, and dispos-
sessed the plaintiff," &c. &c.

To this declaration there was a demurrer, which the court
overruled.

The following facts appear from a bill of exceptions, taken at
the trial: The plaintiff below offered to read to the jury, the de-
position of a witness, taken on account of sickness, which the
counsel for the defendants below objected to, because it did not
appear from the record, that the clerk who issued the commis-
sion to take the deposition, directed the plaintiff to give the de-
fendants notice of the time and place of taking it. It was how-
ever, proved, that the plaintiff gave the defendants five days
notice of the time and place of taking it, and that the parties

were in the vicinity of the place; whereupon the court overruled the objection, and permitted the deposition to be read to the jury; to which the defendants below excepted.

The deposition being read, the third interrogatory and answer were as follows : " Who was in possession of said lot on the 28th February, 1837 ?" Witness answers " that Lauchlin M. Stone occupied and possessed the lot on that day, as tenant under Ashley Parker, who was claimant." To the reading of this answer to the jury, the defendants below objected; but the court overruled the objection, and permitted the testimony to go to the jury; to which the defendants excepted.

The matters of law arising out of the bill of exceptions, and the overruling the demurrer, are now assigned for error.

PRYOR, for the plaintiff in error.

DARGAN, contra.

ORMOND, J.—It was sufficient for the plaintiff below, to alledge in his declaration, that he was in possession of the premises sued] for, at the time of the entry of the defendant, and this we think, is substantially alledged. No inference can reasonably be made, that between the first and the second of January, he abandoned, or lost the possession, and the allegation is therefore sufficiently certain.

The right to take the depositions of witnesses, must be exercised in strict conformity with the statute. The act requires that " the party praying such commission, shall give such notice to the adverse party, of the time and place, when and where, such deposition is to be taken, as the court, judge, justice, or clerk, shall think proper, and the adverse party may cross examine," &c. (See Aikin's Digest 126, sec. 1.) By the previous part of the section first cited, the authority to issue the commission, is given to the "judge, justice, or clerk," before whom the oath is made preliminary to the issuance of the commission. As therefore, the *court* is superadded, in the clause which provides for the notice, it appears to be within the letter of the law, that in cases where the *clerk, judge, or justice* issuing the com-

mission, has failed to state what notice shall be given, that the *court* before whom the deposition is attempted to be used as evidence, shall have the power of inquiring into, and determining the sufficiency of the notice actually given, from a view of all the facts.

That there may be causes in which a deposition may be read, where sufficient notice has in fact been given, though not required by the clerk, is evident from the case of Brahah v. Debrell, (1 Stew. Rep. 14) where the clerk had not required notice to be given, but had fixed the time when the deposition was to be taken, and notice was given of the time and place, on the day the commission issued; the court held, that it was sufficient. We think therefore, there was no error in permitting the deposition to be read. But in permitting the answer to the third interrogatory to be read, the court erred. The answer, instead of stating facts, states a conclusion of law from facts, which the witness knew himself, or had heard from others. Whether the relation of landlord and tenant existed between Parker and Stone, the jury could alone determine, under the direction of the court as to the law arising out of the facts. The remaining part of the answer, that Parker was the claimant of the lot, is open to the objection of being either hearsay testimony, or that higher and better evidence exists of the fact; in either aspect, it is alike objectionable.

For this error, the judgment must be reversed, and the cause remanded.