## LESNE v. POMPHREY.

1. An affidavit that "*some*" of the witnesses of the plaintiff reside out of the limits of the State, is not sufficient to authorize a commission to issue to take depositions.

2. When the Clerk omits to state what notice shall be given to the adverse party, of the time and place of taking it, the deposition cannot be read unless the party offering it prove that the notice actually given was sufficient.

ERROR to the County Court of Mobile County.

Action for a breach of covenant by the defendant against the plaintiff in error.

On the trial below, the plaintiff offered to read the deposition of certain witnesses taken in Louisiana, to the reading of which the defendant below objected because there was no affidavit of the materiality of the witnesses; the affidavit being "that *some* of the witnesses of the plaintiff reside out of the State of Alabama.". Also, because the Clerk of the Court had not directed any or what notice should be given of the taking of the testimony, and that a notice given by the plaintiff's attorney, without the direction of the Clerk, was insufficient. The notice was given on the 2d June, 1841, to take the testimony in Franklin county, Louisiana, on the 7th of the same month. The Court overruled both objections, and the plaintiff had a verdict and judgment.

The assignments of error bring to view the admission of the deposition.

DARGAN, for the plaintiff in error.
CAMPBELL, for the defendant in error.

ORMOND, J.—The act authorising the deposition of an absent witness to be taken, is to the following effect:

"When a person who may be a witness in any cause, in any of the courts, shall reside out of this Territory, or shall, by reason of age or bodily infirmity, or any other cause, be incapable of attending to give his or her testimony in court, oath thereof being made to any Judge, Justice or Clerk of the Court where such suit is depending, such Judge, Justice or Clerk, is hereby empowered to issue, &c. *Provided*, that the party praying such commission, shall give such notice to the adverse party of the time and place, when and where, such commission is to be executed, as the Court, Judge, Justice or Clerk shall think proper." [Aik. Dig. 126.]

We think it quite clear that the act requires that the name of the witness whose deposition is proposed to be taken should be inserted in the affidavit. Unless this is done how can the Clerk issue a commission to take the deposition of the witness,

the authority for doing which is the affidavit. The language of the act is, that upon affidavit being made, a commission shall be issued to take the testimony of "such witness." An affidavit that some of the plaintiff's witnesses reside out of the State, does not establish that the particular witnesses whose depositions were taken are in that predicament, and was therefore not sufficient to authorize the issuance of the commission to take their depositions.

The party taking such deposition is also required to give such notice of the time and place where the deposition is to be taken to the adverse party as the "Court, Judge, Justice or Clerk shall think proper." In this case, the Clerk issuing the commission did not state what notice should be given. In the case of Parker v. Hagerty, [1 Ala. Rep. 632,] the Clerk had omitted to require what notice should be given, but it was proved to the court that the notice actually given was sufficient, and we held that the deposition was properly read in evidence to the jury.

The notice given in this case was five days, and no attempt was made to prove that it was sufficient. This, under the authority of the case just cited, it was necessary the plaintiff should have done, as the Clerk, who is by law made the judge of the time to be given, it appears did not act.

The judgment must therefore be reversed and the cause remanded.