# Ross v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Plea; rulings of primary court; how must be shown.*—Rulings of the primary court, in ordering a plea in abatement to the indictment to be taken from the file. will not be revised by the appellate court, when the plea itself and the rulings thereon does not appear from the record, or by any minute entry, but are disclosed merely by recitals in the bill of exceptions.

2. *Evidence; what admissible.*—Evidence of assaults and threats by the prisoner, against the prosecutor, on the same evening and prior to the assault for which the prisoner is indicted, is admissible in behalf of the State to show with what intent the last assault was made.

3. *Same.*—It is not error to permit a witness to testify, on the trial of a criminal case, that a person who was with the prisoner, was his tenant, when the matter was not at issue, and arose only incidentally and collaterally.

4. *Same.*—Acts of persons who were present and apparently co-operating

[Ross v. The State.]

with the prisoner in his attempt to intercept the prosecutor, on the occasion of the assault, are admissible evidence as part of the *res gestae*, on behalf of the State.

5.  *Evidence; what not admissible.*—What the prisoner said to his physician the day after the fight, when the latter came to treat him for the hurts received in the fight, as to what the prisoner had eaten and the medicine he had taken the day before, is not competent evidence in behalf of the accused, on trial of an indictment for the assault.

6.  *same.*—What the prisoner testified in a civil suit, against him by the prosecutor for the assault, is not admissible evidence in the accused's favor, when indicted for the assault.

7.—*Case affirmed.*—The court reaffirms the rulings in *Mooney v. State*, (33 Ala. 419,) as to when, and when not, drunkenness may afford defense against an indictment for assault to commit murder.

APPEAL from Calhoun Circuit Court.

Tried before Hon. W. L. WHITLOCK.

The appellant, Albert H. Ross, was indicted for an assault with intent to murder, committed on one John Yoe. The bill of exceptions recites that "the State moved the court to strike from the files a plea in abatement filed by the defendant at a prior term of the court, which motion the court granted and the defendant excepted." The bill also recites that a demurrer was filed to the indictment which was over-ruled, but neither plea nor demurrer, or any judgment of the court on either, are to be found elsewhere in the record. John Yoe, as a witness for the State, testified that on the 20th day of February, 1873, the defendant rode up to the gate at the residence of witness, about four miles from Oxford, in Calhoun county, Alabama, and struck witness with a stick and jumped out of his buggy on the witness, when a fight ensued between them, which continued from fifteen to thirty minutes. This witness was then asked by the State, "Whether or not he had seen the defendant on the day the fight above described occurred, previous to the fight, and to state where they met and what occurred," and he testified that on the day of the difficulty, he was returning from Oxford to his residence, and that about one mile from Oxford he met the defendant in the public highway; that witness was on horseback and defendant in his buggy; that when they met, defendant got out of his buggy, advanced towards witness and took hold of the bridle of his horse; that witness struck defendant with a stick on the hand, which caused him to release his hold on the bridle; and that thereupon defendant struck witness with a stick. The defendant objected to this evidence, his objections were overruled, and he excepted. This witness was also permitted, against the objection and exception of defendant, to testify "that witness left the defendant in the road one mile from Oxford, where he had first stopped him, and rode off in the direction of his

home; that the defendant got into his buggy, turned it around and pursued the witness, passing him at a point on the road near the residence of George Mattison, and that when the witness reached a point on the road near the house of W. T. Yeatman, he then came up with the defendant, who got out of his buggy, cursed the witness and swore that he would whip or kill the witness, and took up a piece of a fence rail and struck witness with it. This witness also testified that he left the defendant in the road where he had assailed him with a fence rail, and rode on towards his home in the ordinary walk of his horse; that the defendant pursued him and passed him near the residence of Peter Mattison, and drove on ahead of witness, calling Jud Smith, a freedman, who was a tenant of the defendant, residing on the public road leading from Oxford to the residence of witness. The defendant objected to the witness testifying that Jud Smith was a tenant of the defendant. The court overruled the objection and admitted the testimony, and the defendant excepted. This witness also testified that when he got near the residence of Jud Smith, he found the defendant out of his buggy, which was standing diagonally across the road; and that Dorinda Smith, wife of Jud Smith, was holding the horse, while defendant and Jud Smith were standing in the road; that witness, apprehending an attack, rode swiftly by the defendant, who cursed him as he passed. The defendant objected to the evidence of the acts of the defendant, Jud and Dorinda Smith, the objection was overruled, and he excepted.

The testimony for the defendant tended to show that, on the morning of the alleged assault, he left his home and went to the town of Oxford, apparently sober and in his right mind, and no change occurred in his condition until about one o'clock of that day; that shortly before that time he took a drink of whisky, and that in a few minutes he became very much excited, talked irrationally, and behaved in a disorderly manner; that while in this condition he met Yoe and attempted to assault him, but was prevented by friends, and was arrested for disorderly conduct by the marshal of the town. Several witnesses who saw defendant after his arrest by the marshal, testified that in their opinion he was drunk.

Dr. Allen, as a witness for the defendant, testified that he was the family physician of the defendant and saw him after his arrest by the marshal, and that in the opinion of witness, defendant was "intoxicated and angry." This witness testified that he had visited defendant, at his home, on the morning after the difficulty with Yoe, and was asked by defendant

to state what he (defendant) said to him at that time, as to whether or not he had eaten his breakfast or dinner on the previous day, what medicine he had taken, and what he had drank on that day. The State objected to this question, the court sustained the objections, and refused to allow the witness to answer the questions, and defendant excepted. The defendant then proposed to show by Dr. Allen, who had heard the defendant examined in a civil suit brought against him by Yoe for the same assault for which he was indicted, what defendant had testified on that trial as to his condition at the time he made the assault on Yoe. The State objected to this evidence, the court sustained the objection and excluded the testimony, and the defendant excepted.

This was all the evidence, and the court, at the request of the State, gave the following written charges to the jury : 1. Sanity is always presumed by law. And when insanity is set up as a defense, it devolves on the person so setting it up to prove it. 2. If you believe from the evidence that the defendant drank whisky on the day when it is charged that he assaulted Yoe, and from its effects got drunk, but not to a state of unconsciousness, then he was that day responsible for his acts. 3. Mere drunkenness is not insanity, and drunkenness will not excuse criminal conduct, except where it extends so far as to destroy the capacity to distinguish between right and wrong. 5. You may look to the acts and declarations of defendant, and to all the evidence in the case, to ascertain whether he was drunk or insane. 6. You may look to the declarations and conduct of defendant, not only to ascertain whether or not he was insane, and also with what intent he was moved or actuated at the time of the alleged assault. 7. Every question submitted to you in this case may be settled by you on such interpretation of the evidence as you think is right, in your search after the truth of the issue joined. The defendant separately excepted to the giving of each of these charges.

The jury found the defendant guilty of an assault and battery, and assessed a fine of two hundred and fifty dollars, and judgment was entered accordingly. From this judgment the defendant appeals, and assigns the various rulings to which exceptions were reserved as error.

JOHN T. HEFLIN, for appellants.

H. C. TOMPKINS, Attorney-General, contra.

MANNING, J.—Although it is recited in the bill of exceptions that there was a demurrer to the indictment, which

was overruled—and a writing purporting to be a plea in abatement, which was ordered to be taken from the file—there is no such demurrer or plea found in the record, nor any minute entry in respect thereof, showing that the court or judge had made any ruling whatever thereupon. We find no defect in the indictment for which a demurrer would lie; and no question respecting such a plea arises for our consideration.—*Petty v. Dill*, 53 Ala. 641.

The indictment charged appellant with an assault with intent to commit murder. And while the conflict about which Yoe, the prosecutor who was assailed, first testified, was that which took place at or near his house, the previous attacks of appellant upon him during the same evening, which were allowed to be also proved, showed a continuous and persevering determination, by repeated assaults, accompanied by threats, to kill Yoe or otherwise injure him. Evidence of them was admissible to enable the jury to determine whether or not the assault first proved was made with the intent charged in the indictment.

There was no error in permitting the witness to say that the freedman, Jud Smith, who was with defendant when making one of his demonstrations to intercept and assault Mr. Yoe, was a tenant of defendant's. Though this might not be allowable in such a case as *Parker v. Haggerty*, (1 Ala. 632,) cited on behalf of appellant, when a question in issue is whether or not the relation of landlord and tenant existed; in this instance the testimony meant no more than that Jud Smith lived on appellant's land. As such, it was not the statement of a mixed question of law and fact, but of a fact merely. And whether it was described by saying that Smith was a tenant of defendant, or the occupant of his land, could make no difference whatever in a case like this.

Nor was there any error in permitting the acts of Jud Smith and his wife, Dorinda, when in their presence and apparently with the co-operation of Jud, appellant attempted to intercept Yoe on his way home on the occasion of the assault upon him. This was a part of the *res gestae* of the case.

Dr. Allen, the physician of appellant, and introduced as a witness for the latter, saw him on the day of this assault, while under arrest for disorderly conduct, and thought him "intoxicated and angry." There was no objection to his testifying, if asked to do so, his opinion of defendant's sanity; but it does not appear that he expressed or had any other opinion touching that matter than that he was "intoxicated and angry." There was no error in refusing to permit this witness to testify what defendant (Ross) said to him during

[Ross v. The State.]

his visit the next day to treat him for the hurts he had received in his conflict with Yoe, about what he had or had not eaten the day before, and what medicines he had taken, with a view of showing by such subsequent statements, that he was not of sound mind on the day before. To let in such posterior statements would enable a defendant, by contrivance, to make evidence for the exoneration of himself from penalties incurred by his criminal violation of law and of the rights of another.

A defendant, prosecuted for such an offense, is not permitted to be a witness on his own behalf. To have allowed Ross to prove by another who was present, what he had himself testified in his own defense, in the civil action brought by Yoe against him for this assault, would have enabled him to do indirectly what the law would not permit to be directly done. Such evidence was properly excluded.

Besides, this testimony of his, proposed to be now reproduced, was not given in a cause to which the State was a party, and in which appellant was subject to cross examination by the State's attorney. And it can not be permitted, that in a suit between individuals, evidence shall be created, perhaps collusively, by which one of the parties shall escape condign punishment by indictment for a breach of the peace of the State.

The charges excepted to, state with reasonable accuracy when, and when not, drunkenness may afford defense against an indictment for an assault with an intent to commit murder. They are not inharmonious with the ruling on this subject in *Mooney v. The State*, 33 Ala. 419. If any explanation or additions would have adapted them better to the circumstances of this case, they should have been asked of the presiding judge, if needed. We do not find any error in the instructions that were given. Appellant was found guilty of assault and battery only.

Let the judgment of the Circuit Court be affirmed.