## No. 1,324.

### THE STATE OF LOUISIANA VS. JOSEPH McFARLAIN.

The accused has the right to show, on cross-examination of a witness for the State, the feeling of the witness towards him, and to ask him as to a particular act of hostile feeling shortly after the commission of the offense — such as an attempt on the part of the witness to induce a party to join a crowd to lynch the accused.

If he refuses to answer, or answers evasively, the accused can prove the fact by any other competent witness.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Reed*, J.

---

'*J. C. Gibbs*, District Attorney, for the State, Appellee.

---

*A. R. Mitchell* and *D. B. Gorham* for Defendant and Appellant:

Defendant has the right on cross-examination of the State's witnesses to show the state of their feelings towards him; and said evidence should go before the jury to be properly weighed and considered by them. 14 Ann. 630; 33 Ann. 537–743; 36 Ann. 153; 37 Ann. 78; 3 vol. Russell, Sec. 562; Wharton Crim. Ev., Secs. 376–485.

If a witness, on cross-examination, denies that he has any bias or ill-feeling against accused, he may be contradicted by evidence of his own statements, or other implicatory acts. Wharton Crim. Ev., Sec. 485.

Evidence that a proposition to bribe a witness was made, but not by accused, or by his authority, or in his hearing, is inadmissible. State vs. Hornsby, 32 Ann. 1,268.

If an impeaching witness states that he is acquainted with the general reputation for truth

and veracity of the impeached witness among the latter's neighbors, such testimony is ad-
missible, and the sufficiency of said testimony to affect the credibility of said impeached
witness is a matter for the jury to determine. State vs. Thomas, 28 Ann. 828.

It is competent to affect the credibility of a witness by showing that he is subject to insane
delusions and not of sound mind. Wharton's Crim. Ev., Sec. 370. 1 Bish. Cr. Pra.,
Sec. 1,141.

The opinion of the Court was delivered by

McENERY, J. The defendant was convicted and sentenced to seven years' imprisonment at hard labor for the crime of shooting with intent to murder, from which he has appealed.

There are several bills of exception reserved to the rulings of the district judge in the course of the trial upon which the accused relies for a reversal of the judgment. It will be necessary to notice only one, as some of the others are without merit, and others based upon a state of facts which do not agree with the statement of the judge *a quo*, annexed to the bills.

The third bill reserved by the defendant is to the ruling of the district judge in not permitting a witness for the defense to testify as to the bias of a witness for the State towards the accused.

Sam Shields, a witness for the State, was asked the question by the defendant's counsel: " Did you not, on the day following the shooting of Parsley, last September, in the town of Jennings, go to T. J. Kellogg, in said town, and propose to take accused out and lynch him ?" To which the witness answered that he did not remember whether he did or not. The defendant offered to prove by the witness, T. G. Kellogg, that said witness, Shields, had called upon him, Kellogg, and urged him to join him in a crowd to take the accused out and lynch him. The State objected to the testimony as irrelevant, and also on the ground that the defendant could not ask the witness, Shields, irrelevant questions for the purpose of impeaching his testimony by that of the witness Kellogg on the matter about which Shields had been interrogated, and to which he had answered he did not remember. The objection was sustained by the court, and the testimony excluded.

In the trial judge's statement, annexed to the bill, he says: The "court did not deny the accused the right to prove that Shields made any proposals to Kellogg at the time and place named by any witnesses whose memory might be considered more reliable, but the right to impeach generally the testimony of a witness who testified that his memory was indistinct as to the particular statement."

As an abstract legal proposition this statement is undoubtedly correct. But the testimony was offered not for the purpose of impeaching the

testimony of the witness as to any particular fact which he did not remember, but to prove hostility on the part of the witness to the accused, and thus affect the credibility of his testimony. He had the undoubted right to show this fact. State vs. Adams, 14 Ann. 620; State vs. Gregory, 33 Ann. 743; State vs. Kane, 36 Ann. 153; State vs. Willingham, 33 Ann. 537; State vs. Melton, 37 Ann. 76.

The witness could have answered affirmatively or negatively. His answer was evasive. If he had refused to answer because he did not wish to criminate himself, or evasively as he has done, for the same purpose, the fact of his hostility was a matter that could have been established by other witnesses. The witness Kellogg, to whom it is alleged the witness Shields made the proposition to lynch the accused, was certainly the proper witness by whom to prove the fact.

There was error in excluding the testimony as to the bias or hostility of the witness Shields to the accused.

It is, therefore, ordered that the verdict of the jury be set aside, the judgment avoided and reversed, and the case remanded, to be proceeded with according to law.