# Wilson v. The State.

## Assault With Intent to Murder.

(Decided April 6, 1915.  68 South. 543.)·

1. *Assault and Battery; Evidence; Former Difficulty.*—While the details of a former difficulty between defendant and the prosecutor, cannot be inquired into as a general rule, this does not obtain where the previous difficulty was part of a continuous transaction, culminating in the assault.

2. *Same; Threats.*—Threats made by a defendant although made in previous difficulties are admissible in a subsequent prosecution for an assault with intent to murder.

3. *Trial; Reception of Evidence; Objection.*—Where the objection interposed was to the whole evidence, part of which was admissible, the defendant cannot complain on appeal of its admission.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Carl Wilson was convicted of an assault with intent to murder, and he appeals.   Affirmed.

J. G. RANKIN and FRED WALL, for appellant.   The facts but not the details of a former difficulty are admissible.—*Patterson v. State*, 156 Ala. 52; *McAnally v State*, 74 Ala. 9; *Gray v. State*, 63 Ala. 66.

7 CA

W. L. MARTIN, Attorney General and W. R. WALKER, for appellee. The rule invoked by appellant is entirely sound, but has engrafted on it this exception, that where it constitutes a part of the continuous transaction, culminating in the assault, all the details are admissible.—*Jordan's Case,* 81 Ala. 20; *Crawford's Case,* 86 Ala. 16; *Walls' Case,* 90 Ala. 618; 110 Ala. 40; 117 Ala. 126.

THOMAS, J.—The defendant was indicted, tried, and convicted of assault with intent to murder one Dobbins. The said Dobbins testified as a witness for the state that:

The defendant "had his gun in his hand, and he was shooting towards my barn, and I asked him not to shoot through my barn, 'You might hit some of the horses.' He [defendant] said, 'You ———son of a b——, I will just shoot you.' Mr. Calloway and Bob Brannon came up and carried him off. This was about an hour or half hour before the shooting."

The witness further testified that about half an hour after this occurrence the defendant returned to witness' barn, when, in the language of the witness:

"He caught me in the collar and rubbed his gun on me, and said, 'you d—— son of a b——, you have got it in for me and Walter Yarbrough, and I am going to kill you.' "

It appears from the state's evidence that friends then again interceded and took the defendant away, but that in about half an hour he again returned to the barn and committed the assault for which he was on trial, by shooting at said Dobbins some four or five times with his pistol.

The only alleged errors insisted upon in brief are those relating to the action of the trial court in admit-

ting in evidence what the defendant did and said to Dobbins, as before detailed, on the two occasions at the barn preceding the main assault for which he was being tried. Defendant insists that the evidence as to what defendant said and did should have been confined to what he said and did at the time of the last difficulty—the main occurrence—and that the court had no right to admit any evidence as to the former difficulties, except to show the bare fact that there had been a previous difficulty.

The general rule undoubtedly is that the details of a former difficulty cannot be inquired into, but this rule does not obtain where the previous difficulty is a part of a continuous transaction which culminates in the act in question. In such event, it is regarded as a part of the res gestæ of the main inquiry.—24 Am. & Eng. Ency. Law, 675, 676. It would seem, from the state of facts to which that doctrine has been applied in the following authorities, that the latter is the case here: *Ross v. State,* 62 Ala. 224; *Armor v. State,* 63 Ala. 173; *Jordan v. State,* 81 Ala. 20, 1 South. 577; *Crawford v. State,* 86 Ala. 16, 5 South. 651; *Morris v. State,* 146 Ala. 66, 41 South. 274; *Churchwell v. State,* 117 Ala. 126, 23 South. 72.

But, whether so or not, the act of the court in letting in the evidence mentioned will not work a reversal; because part of that evidence, which was objected to as a whole, showed, as will be observed, threats made by defendant against said Dobbins. Threats are always admissible, though made in a previous difficulty, and regardless of whether that difficulty forms part of the one in question or not.—*Stitt v. State,* 91 Ala. 10, 8 South. 669, 24 Am. St. Rep. 853.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.