(77 South. 967)

McCART v. SMITH. (4 Div. 436.)

(Court of Appeals of Alabama. Jan. 15, 1918.)

1. DETINUE ⊙⇒22 — TRIAL — QUESTIONS FOR JURY—FRAUDULENT TRANSFER.

In a detinue action, the question whether a transfer from a mortgagee to the defendant was in good faith to transfer the title, or solely for use in defending the action, and to be transferred back later, was properly submitted to the jury.

2. PLEADING ⊙⇒427—ISSUES—EVIDENCE ADMISSIBLE—SUFFICIENCY OF OBJECTION.

Although matters of defense occurring after action brought are subjects of special pleas, and not admissible under the general issue, upon appropriate objection, the mere objection that the transfer of mortgage to defendant was not bona fide, but for purpose of defense of suit only, and without valuable consideration, was properly overruled.

3. PLEADING ⊙⇒427 — ISSUES — EVIDENCE — SPECIFIC OBJECTION WAIVING OTHERS.

The specific objection that a transfer was not bona fide was a waiver of all other objections not stated, including one that evidence of a transfer made after suit begun should not have been presented under the general issue.

4. WITNESSES ⊙⇒275(6)—CROSS-EXAMINATION OF PARTY—SCOPE.

Upon the question as to the good faith of a transfer of mortgage on the property in question to defendant in detinue, the sustaining of defendant's objection to cross-examination of defendant as to amount of consideration for such transfer, was error.

5. WITNESSES ⊙⇒270(2)—CROSS-EXAMINATION OF PARTY—IMMATERIAL MATTERS—DISCRETION.

The discretion of the trial court as to the extent of cross-examination on collateral or immaterial matters does not extend to excluding the amount of consideration of a transfer, upon issue of fraud, which is always material.

6. CHAMPERTY AND MAINTENANCE ⊙⇒6(1) — CONTRACTS — TRANSFER OF MORTGAGE FOR DEFENSE OF ACTION ONLY.

If a transfer of a mortgage on the property in question to defendant in detinue was merely for use in defending the action and to be transferred back at close of action, it was champertous and void.

7. JUSTICES OF THE PEACE ⊙⇒106—DISMISSAL AND NONSUIT AFTER JUDGMENT—ADJOURNMENT.

If an order of nonsuit was not moved for until after final judgment had been pronounced, and his court adjourned, the justice of the peace was without authority to set aside the judgment and enter a nonsuit.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Action in detinue by J. E. McCart against O. C. Smith. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The defendant answered: First, not guilty; and, second, that on August 20, 1913, plaintiff began his suit in detinue before J. L. Ham, a justice of the peace of beat 6 in Coffee county, Ala., against this defendant, for the recovery of one dark red cow, one yearling with white spots, and one yearling with black spots, which includes the property mentioned and described in the present complaint. And on September 13, 1913, there was a trial of said detinue action by said

justice of the peace who had jurisdiction thereof, and on such trial the justice of the peace rendered judgment in favor of this defendant for the property sued for in said action. (Here follows copy of the judgment). And this defendant now says that plaintiff ought not to be allowed to further prosecute the pending suit because there has been an adjudication of the question of title and right of possession to the property sued for. Plaintiff replied that, while the substance of the plea was true, in fact plaintiff on September 13, 1913, was permitted to take his nonsuit in said cause, which he did, and paid to the court the cost accrued therein, and that thereafter, and on the same day, he filed this suit in said justice court, and the cause came on for trial December 9, 1913, and on said day defendant appeared in person, and by his attorney, and pleaded the general issue, and that the trial was had in said justice court, and judgment rendered in said court in favor of plaintiff for the property sued for, or its alternative value, and that from said judgment defendant took his appeal to this court, and same was duly continued for two consecutive terms before the filing of the plea of res judicata, and plaintiff avers there has been no adjudication of the title and right of defendant to the property, that no final judgment was rendered in said justice court, and that said plea sets up no defense to this suit. Plaintiff introduced a mortgage from E. D. Comer to J. E. McCart, of date February 6, 1913, due October 1, 1913, duly recorded, and conveying all live stock, crops, etc. Evidence for the plaintiff tended to show that the property here sued for was the property of E. D. Comer, and that he sold them to Mr. Smith. Defendant introduced a mortgage from E. D. Comer to Henry King, which was executed in the year 1912, and is alleged to have covered the property here sued for, and to have been transferred by O. C. Smith, the balance due thereon being $719. The court declined to permit the plaintiff on cross-examination of defendant to show what the consideration was for the transfer, but did permit the witness King to give a recital of the agreement and transaction, which in substance was that Smith gave King $5 to transfer these papers to him, for use in this case, and was limited until this case was ended.

J. A. Carnley, of Enterprise, and H. L. Martin, of Ozark, for appellant. W. W. Sanders, of Elba, for appellee.

BROWN, P. J.     [1] The question as to whether the transfer of the mortgage by King to the defendant was in good faith and with the intention to divest the legal title out of King and invest it in Williams, or whether it was merely temporary and colorable, for the sole purpose of allowing defendant to use the paper in defending the suit, the paper to be transferred back to King after the termination of the suit, was properly submitted to the jury.

[2, 3] While matters of defense occurring after suit is brought are subjects of special pleas and are not admissible under the general issue, in the face of appropriate objection (Karter v. Fields, 130 Ala. 430, 30 South. 504), the only objection urged against the transfer of the mortgages from King to defendant was that:

"The transfer was a fictitious transfer, and wasn't a bona fide transfer, and only made for the purpose of assisting the defendant in the suit, and was without any valuable consideration."

This specific objection was properly overruled, the question presented being one for the jury, and was a waiver of all other objections. Railroad Co. v. Bailey, 112 Ala. 167, 20 South. 313; Sharp v. Hall, 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28.

[4, 5] In view of the question as to the bona fides of the transfer of the mortgages from King to the defendant, the court erred in sustaining the defendant's objections to the questions propounded to the defendant on cross-examination, eliciting testimony as to the amount of the consideration paid for the alleged transfer. Where the question of fraud is involved in the transfer of property, the amount of the consideration paid for such transfer is always material. Jones on Ev. § 470. While much is left to the enlightened discretion of the trial court as to the extent of cross-examination as to collateral or immaterial matters, this rule does not extend to facts that are material and tend to shed light on the questions at issue. Jones on Ev. §§ 829, 842, 843; Dickey v. State, 197 Ala. 610, 73 South. 72; Id., 15 Ala. App. 135, 72 South. 608.

[6] If the transfer was merely colorable and by arrangement between the parties the mortgages were to be retransferred to King after the trial, the transfer was in its nature champertous and void. 2 R. C. L. 269–279.

[7] The issues presented by the defendant's plea of res adjudicata and the special replication thereto was also properly submitted to the jury. If the order of nonsuit was not moved for until after the justice had pronounced a final judgment and adjourned his court, the justice was without authority to set aside the judgment in favor of the defendant and enter a nonsuit.

For the error pointed out, the judgment is reversed and annulled.

Reversed and remanded.