147 So. 201

## ROPER v. STATE.

### 3 Div. 729.

Court of Appeals of Alabama.
March 28, 1933.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, indicted for assault with intent to murder one J. C. Fowler, was convicted of the offense of assault and battery. Code 1923, § 3299.

It appears that Fowler, the alleged assaulted party, and one Frank Roper, a son of appellant, and another, had had a difficulty some time before the occurrence giving rise to the prosecution here. At the time of that difficulty "defendant (appellant) was not present"; and did not know of it while it was going on.

Over the timely objection—due exception being reserved—of appellant, the state was allowed to introduce testimony showing the details of the said difficulty referred to in the next preceding paragraph. We think, and hold, this to be prejudicial error.

True, as pointed out in the cases diligently collected by the Attorney General, the general rule that the "details of a former difficulty cannot be inquired into" *does not* obtain "where the previous difficulty is a part of a *continuous* transaction which culminates in the act in question." (Italics ours.) Wilson v. State, 12 Ala. App. 97, 68 So. 543; Dickey v. State, 15 Ala. App. 135, 72 So. 608; Page v. State, 17 Ala. App. 70, 81 So. 848; Newman et al. v. State, 160 Ala. 102, 49 So. 786; and other cases that might be cited.

But we are of the opinion that the circumstances shown here do not warrant the application, to the testimony hereinabove alluded to, of the exception mentioned, to the "general rule"; here the "former difficulty" was *not* in the presence of·appellant; he knew nothing of it, until some time after it had occurred. The language of the cases we have cited was never intended, we believe, to allow testimony against the "general rule" mentioned—of *details* of former difficulties *merely* because, upon hearing of them, accused might have been thereby incited to action. To so hold would lead to endless confusion of issues in the trial of innumerable cases of this character.

Of course, what we have said is not to alter the rule as to the admissibility of testimony as to the *fact* of such former difficulty, in proper cases, such as the present.

We are unable to see the relevancy, competency, or materiality of the testimony as to the "number of children" of the witness Mrs. Fowler, the wife of the alleged injured party. But we are not sure here that we would reverse the judgment of conviction because of the admission of this testimony, so we will not consider it further. See Fisher v. State, 23 Ala. App. 544, 129 So. 303.

The other questions apparent will not likely arise, in their present form at least, upon another trial. They will not be considered. For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.