# State v. Stallings.

*Appeal from Order of the Chancellor, on Habeas Corpus Proceedings, admitting Petitioner to Bail.*

1. *Res gestae; what acts and declarations admissible as.*—Acts and declarations to be admissible as *res gestae*, must be substantially contemporaneous with the main fact and so closely connected with it as to illustrate its character.

2. *Same; same; case at bar.*—Evidence which is offered to prove that after defendant, who was seriously wounded, had been removed to a drug store, and about five minutes after the shooting upon being informed that the person he assailed was dead, he said, "I have done what I always intended to do, and am ready to die," is inadmissible as a part of the res gestae.

3. *Confessions are prima facie inadmissible; predicate must be established for the introduction thereof.*—All confessions are prima facie not admissible as evidence, and a predicate must be laid for the introduction of a statement by defendant as a confession.

APPEAL from the Chancery Court of Butler.

Tried before the Hon. W. L. PARKS.

This was a petition filed in the chancery court of Butler county by J. F. Stallings, in behalf of Dan alias Daniel Stallings, as follows: "Your petitioner, J. F. Stallings, most respectfully represent unto your honor that Dan alias Daniel Stallings, in whose behalf this application or petition is made, is illegally imprisoned, and restrained of his libetry and held under guard in the Elk Hotel, in the city of Greenville, Alabama, by one J. H. Hartley, who is the sheriff in and for said county and State, by virtue of a warrant charging said Dan alias Daniel Stallings with murder in the first degree, said warrant issued by I. Y. Trawick, clerk of the circuit court, in said county of Butler, and State of Alabama, a copy of which said warrant is hereto attached and marked Exhibit "A," and made a part of this petition, and with leave of reference thereto, as often as may be necessary. And petitioner alleges that the said Dan alias Daniel Stallings was indicted by the grand jury of said county at the October term, 1904, a copy of which indictment is hereto attached marked Exhibit "B," and made a part hereof, for the offense of murder in the first degree, and no bond has been set by any court or application made therefor, and your petitioner further avers that the proof is not evident or the presumption great that the said Dan alias Daniel Stallings is guilty of a capital offense. Wherefore, your petitioner prays for a writ of *habeas corpus,* directed to the said J. H. Hartley, sheriff of Butler county, Alabama, commanding him to bring the body of the said Dan alias Daniel Stallings before your honor at a day and place to be by your honor appointed, together with the cause of detention of the said Dan alias Daniel Stallings."

On the trial, under the writ which was issued by the court, the evidence showed that the defendant shot and killed Radford Buckhaults, on or about October 1, 1904, at Greenville, Alabama, and was at the same time himself wounded, being shot in the left side; the evidence for the defense showed that the deceased was in a barroom on the evening of the killing, and when the defend-

8c

ant walked in, the deceased insulted him; that defendant said nothing, but soon left, and about 7 o'clock was passing up the sidewalk and the deceased was sitting in a buggy near the side-walk and cursed the defendant again, applying an opprobrious epithet to him. The defendant thereupon walked near the point where the deceased was sitting in the buggy and asked him if he was cursing him; the deceased replied that he was and that he intended to kill him, and, according to the testimony of the defense, shot the defendant before he (the defendant) had drawn or attempted to draw a weapon. The State introduced testimony to the effect that, beginning with the marriage of his sister to deceased, the defendant, up to within a short period of the killing, had made threats that he would take the life of the deceased; that defendant followed deceased from the bar where the first altercation took place. The State also introduced evidence tending to contradict other statements of the witnesses for the defense. The State offered to introduce testimony showing that the defendant, about five minutes after the shooting, as he was being moved into Peagler's drug store, stated, upon being informed that Buckhaults was dead, that he (defendant) had done what he always intended to do, and that he was ready to die. The petitioner objected to this testimony. The court sustained the objection, and the State reserved an exception to that ruling. The chancellor rendered a decree allowing bail to the defendant in the sum of three thousand dollars, from which decree the State appeals and assigns the rendition of such decree, and the rulings of the chancellor on the evidence, to which exceptions were reserved, as error.

MASSEY WILSON, Attorney-General, and POWELL & HAMILTON for the State, cited *Ex parte Nettles,* 58 Ala. 268; *Mitchell v. State,* 60 Ala. 26.

STEINER, CRUM & WEIL, RICHARDSON & PEARSON, and STALLINGS & NESMITH, *contra,* cited *Ex parte Brown,* 65 Ala. 448; *Hornsby v. State,* 94 Ala. 67; *Compton v. State,* 110 Ala. 37; *Smith v. State,* 83 Ala. 28; *Ex parte Hammock,* 78 Ala. 416.

[*Ex parte* Merritt.]

ANDERSON, J.—Upon the hearing of this petition before the chancellor, the State offered to prove by witnesses that after defendant, who was seriously wounded, had been removed to Peagler's drug store, and about five minutes after the shooting, upon being informed that Buckhaults was dead, said, "I have done what I have always intended to do, and am ready to die." This evidence was objected to by defendant, and the objection was sustained by the chancellor.

"Acts and declarations to be admissible as *res gestae* must be substantially contemporaneous with the main fact and so closely connected with it as to illustrate its character."—*Fonville v. State,* 91 Ala. 39; Mayfield's Digest, Vol. 1, p. 772. We do not think this evidence was admissible as a part of the *res gestae.*

There was no predicate for the introduction thereof as a confession. All confessions are *prima facie* not admissible as evidence.—Mayfield's Digest, Vol. 1, p. 206. The action of the chancellor in excluding this evidence was proper.

The order of the chancellor granting the petitioner bail is affirmed.

McCLELLAN, C.J., TYSON and SIMPSON, J.J., concurring.