(91 South. 501)

## MORELL et al. v. STATE. (8 Div. 785.)

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied July 9, 1921.)

**1. Homicide ⊙=157(3)—Particulars of trouble between defendant and assaulted person inadmissible.**

In a prosecution for assault with intent to murder, evidence of all the particulars of the trouble between the accused and the person assaulted was inadmissible.

**2. Homicide ⊙=158(4) — Threats by persons not taking part in difficulty inadmissible.**

In a prosecution for assault with intent to murder, evidence of threats made against defendants by third persons not present at the assault, and who took no part therein, was inadmissible.

**3. Criminal law ⊙=368(2) — Statement made before difficulty started not res gestæ.**

In a prosecution for assault with intent to murder, a statement by the son of the person assaulted made before the difficulty started was inadmissible as a part of the res gestæ.

**4. Witnesses ⊙=290—Exclusion of redirect examination as to fact already shown not error.**

A showing, on redirect examination of defendant, as to why a witness who was present

at a former trial was not examined, was properly refused, where the defendant had already testified that the witness was in bad health and was excused.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Jake and Ed Morell were indicted for an assault and attempt to murder. The latter was convicted as charged, and the former was convicted of assault and battery, and they appealed. Affirmed.

Certiorari denied 207 Ala. 713, 91 South. 923.

The facts on which the opinion is rested sufficiently appear therefrom.

W. R. Walker, of Athens, for appellants.

The court erred in its action on the evidence as to the school trouble or the threats there made. Wigmore on Ev. §§ 34, 89, and 238; Jones on Ev. § 171; 35 Ala. 176; 22 Ala. 796; 13 Ala. App. 411, 69 South. 406; 146 Ala. 61, 41 South. 624; 22 C. J. 166. Roy Whitt should have been permitted to testify as to what his father said as he went out of the store. 12 Ala. App. 296, 68 South. 549; 191 Ala. 297, 68 South. 53; 15 Ala. App. 43, 72 South. 579; 15 Ala. App. 304, 73 South. 141; 83 Ala. 287, 3 South. 671; 144 Ala. 35, 40 South. 269. Counsel discuss other assignments of error, but without further citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

See former appeal, 16 Ala. App. 584, 86 South. 160.

The court properly denied admission of evidence relative to the school trouble. 105 Ala. 21, 17 South. 28; 33 Tex. Cr. R. 619, 28 S. W. 531; 140 Ala. 16, 37 South. 259; 126 Mo. 531, 29 S. W. 598. What was said when old man Whitt left the store was not a part of the res gestæ. 111 Ala. 80, 20 South. 490; 4 Michie, Ala. Dig. 579. What Ras Falkner would say was hearsay. 156 Ala. 58, 47 South. 321.

BRICKEN, P. J. The defendants were charged by indictment with the offense of assault with intent to murder. Upon the trial Ed Morell was convicted of assault with intent to murder. Jake Morell was convicted of an assault and battery. They appeal.

[1] The trial court properly declined to allow the defendants to "go into the particulars of what the school trouble was."

[2] Evidence of threats made against the defendants by third parties not present at the assault, and who took no part therein, was not admissible. State v. Taylor, 126 Mo. 531, 29 S. W. 598; State v. Anderson, 4 Nev. 265.

[3] The statement by Roy Whitt, alleged to have been made as his father went out of the store, was made before the beginning of the difficulty, if at all, and was not a part of the res gestæ. Gandy v. Humphries, 35 Ala. 617; So. Ry. v. Reeder, 152 Ala. 227, 44 South. 699, 126 Am. St. Rep. 23.

Moreover, the alleged statement was nothing more than Roy Whitt's interpretation of his father's intention. Allen v. State, 111 Ala. 80, 87, 20 South. 490.

[4] On cross-examination, Jake Morell testified that a Mr. Claunch (to whom it is claimed that Badge Whitt made some threats against Jake previous to the shooting) had died since the last trial of the case; that Mr. Claunch was present at the last trial, "but was not examined as a witness; he was in such bad health he got excused."

On redirect, his counsel asked him this question:

"Q. On the former trial, Mr. Morell, you were asked about these threats, and the court wouldn't let you answer, weren't you?"

On objection by the state, defendants' counsel stated that the purpose of the question was to show that on the former trial the court would not permit inquiries about the threat to be answered. Later, counsel also stated that the purpose was to show why Claunch was not examined as a witness. The court sustained the objection. This ruling was not erroneous. The witness had already stated that Claunch was in bad health and was excused. Moreover, the court had a right to change its mind and to allow evidence of the threats to be introduced on the trial, which it did.

The part of the showing objected to by the solicitor was objectionable. The alleged statement by Badge Whitt made after the difficulty was not a part of the res gestæ. State v. Stallings, 142 Ala. 112, 38 South. 261; So. Ry. v. Reeder, 152 Ala. 227, 44 South. 699, 126 Am. St. Rep. 23. And no proper predicate had been laid for its introduction as impeaching evidence, if it could have been admissible for that purpose.

The showing admitted for Ras Faulkner stated he would testify that, shortly after the shooting, "he was present in the house of Roy Whitt, where Badge Whitt had been carried." It was proper to show by Roy Whitt that he was at home during that time and that he did not see Ras Faulkner on that occasion.

The refused charges were either covered by the given charges, the oral charge of the court, or were under the evidence, properly refused.

The judgment of the circuit court is affirmed.

Affirmed.