(108 So. 612)

## HICKS v. STATE. (6 Div. 746.)

(Court of Appeals of Alabama. Feb. 9, 1926. Rehearing Denied April 6, 1926.)

**1. Homicide ☞118(3).**

Charge, in prosecution for homicide, defining "curtilage" as including front and back yard, though unfenced, held proper.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Curtilage.]

**2. Homicide ☞164—Age, weight, height, and health of parties are relevant inquiries in homicide case as affecting acts and motives.**

In homicide case growing out of mutual rencounter, age, weight, height, and health of parties in difficulty are relevant and proper inquiries to go to jury, as affecting acts and motives of parties concerned.

**3. Criminal law ☞338(4, 5).**

In prosecution for homicide growing out of mutual rencounter, cross-examination of state's witness to show relationship between deceased, his wife, and family, held res inter alios acta, and properly prohibited.

**4. Criminal law ☞1144(12)—Map used by witnesses in homicide case not being in record, Court of Appeals cannot pass on exceptions involving location, etc., and map is assumed to be sufficient to sustain trial court's rulings.**

Where map of locus in quo, drawn on blackboard and used by witnesses in connection with testimony in describing place of killing, was not in record, Court of Appeals cannot pass on exceptions to testimony involving location, distances, etc., which might have been relevant on question whether killing took place within curtilage of defendant's home, and map will be assumed to sustain trial court's rulings thereon.

**5. Homicide ☞118(3).**

Defendant prosecuted for homicide, being in his house and free from fault, is not required to retreat in order to invoke doctrine of self-defense, regardless of whether contract of rental was made by wife or himself.

**6. Criminal law ☞1218—Sentence of imprisonment in penitentiary for one year for manslaughter in first degree held erroneous under statute (Code 1923, §§ 4462, 5265).**

Verdict of guilty of manslaughter in first degree fixing punishment at imprisonment in penitentiary for one year under Code 1923, § 4462, and judgment accordingly, held erroneous under section 5265 providing that in cases of imprisonment for 12 months or less party must be sentenced to county jail; but, if verdict improperly fixes place of punishment, it may be treated as surplusage.

---

Appeal from Circuit Court, Jefferson County; John McKinley, Judge.

Edwin R. Hicks was convicted of manslaughter in the first degree, and he appeals. Affirmed in part and remanded.

Certiorari denied by Supreme Court in Hicks v. State, 214 Ala. 675, 108 So. 614.

The portion of the oral charge defining curtilage is as follows:

"Now, the curtilage includes, of course, the front yard, if they have got it, and back yard, and if there is a garden back there, or anything else, why that comes within the term 'curtilage,' why it is not necessary that it should be kept, should be under fence."

Altman & Taylor and Fred G. Koenig, all of Birmingham, for appellant.

The sentence of the court is erroneous. Defendant could only be confined in the county jail, or put to hard labor for the county. After receiving the verdict and dismissing the jury, it is too late to correct the verdict and sentence. The judgment should be reversed. The case of Ex parte Robinson, 183 Ala. 30, 63 So. 177, should be modified. Code 1923, §§ 4464, 5265. Defendant's requested charges should have been given. Langston v. State, 16 Ala. App. 123, 75 So. 715. It is error to overrule objection to improper argument to the jury. Thomas v. State, 18 Ala. App. 268, 90 So. 879.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was no error in refusal of charges. Wood v. State, 17 Ala. App. 654, 88 So. 28; Windom v. State, 18 Ala. App. 430, 93 So. 79; Vaughn v. State, 17 Ala. App. 383, 84 So. 879. Rulings on evidence were correct. Nolan v. State, 207 Ala. 663, 93 So. 529; Patton v. State, 197 Ala. 180, 72 So. 401.

SAMFORD, J. [1] The contention of appellant as to refused charge No. 1 is not sustained by the record. The court properly charged the jury as to what constitutes the "curtilage" of a dwelling. Madry v. State, 201 Ala. 512, 78 So. 866.

The trial judge in a careful and explicit manner charged the jury as to all the different degrees of homicide, as to self-defense under every phase in which it was presented, and as to the presumption of innocence and a reasonable doubt. Having done this the court gave at the request of defendant 39 charges emphasizing the defendant's contentions. There were only 12 written charges refused to defendant. Some of these refused charges have been expressly condemned by this court and the Supreme Court and none of them present any new or novel propositions of law. Where these charges state correct principles of law they are fully covered in the oral charge and the given charges. Coming to a consideration of exceptions reserved to the admission of testimony, we deem it unnecessary to pass upon each specifically, many of them being of no merit and such as occur in the trial of hotly contested cases, where due deliberation and consideration in reserving exceptions is rarely the rule. When, however, these exceptions possess merit, this court will point out by specific ruling the law as it sees it, although this is sometimes rendered difficult by reason of a mass of exceptions of no merit whatever.

[2] In a homicide case growing out of a mutual rencounter, the age, weight, height, and health of the parties engaged in the difficulty are relevant and proper inquiries to go to the jury that they may have with them, in considering their verdict, these facts, as affecting the acts and motives of the parties concerned.

[3] At the time the witness Caulie Clayton was being examined, the place of residence of deceased was immaterial, as was also the relationship between deceased and his family. No connection between these facts and the issues in the case had been shown or were offered to be shown. All of those questions asked on cross-examination of state's witness seeking to show the relationship existing between deceased, his wife, and members of his family were res inter alios acta. To all of these questions objections by the state were properly sustained.

[4] A map of the locus in quo and the surroundings was drawn on a blackboard and used by witnesses in connection with their testimony describing the place where the killing took place. That map is not in the record, and hence we are without the proper data which would enable us to pass intelligently upon all those exceptions involving location, distances, houses, etc. We assume, therefore, that the map furnished sufficient evidence to sustain the trial court in his various rulings on the admission of this testimony.

[5] In the absence of the map or diagram used on the trial, and which is not a part of the record in this case, we do not pass upon the exceptions of defendant to questions and answers in the cross-examination of defendant's witness Mrs. Hicks referring to location of fences, houses, and place where the shooting occurred. In connection with the map, this testimony might have been relevant on the question as to whether the killing took place within the curtilage of defendant's home. Whether the residence was rented by defendant or his wife was immaterial. If defendant was in his own house, whether the actual contract of rental was made by his wife or himself, being free from fault in bringing on a difficulty, he is not required to retreat, in order to invoke the doctrine of self-defense. Thomas v. State, 13 Ala. App. 50, 69 So. 315.

[6] Our attention is called to the fact that the verdict of the jury finding the defendant guilty of manslaughter in the second degree fixes the punishment at imprisonment in the penitentiary for one year, and that the judgment fixing sentence follows the verdict. This was error. Under section 4462 of the Code of 1923, the jury fixes the term of sentence from one to 10 years' imprisonment in the penitentiary, upon conviction for manslaughter in the first degree. In the instant case the jury found the defendant guilty of manslaughter in the first degree and fixed the punishment at one year's imprisonment in the penitentiary. The appellant is in error in stating in brief that the conviction was for manslaughter in the second degree, but appellant is correct in his contention that the sentence is erroneous. Section 5265 of the Code of 1923 provides, in its last paragraph:

"In all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county."

This limitation and duty is imposed upon the judge. If the verdict improperly fixes the place of punishment it may be treated as surplusage. Ex parte Robinson, 183 Ala. 30, 63 So. 177; Ex parte Gunter, in re State ex rel. Attorney General, v. Gunter, 193 Ala. 486, 69 So. 442; Washington v. State, 117 Ala. 30, 23 So. 697.

The statement of the solicitor to which exception was taken was justified by the evidence.

We find no error sufficient to reverse the judgment of conviction, and the judgment of conviction is affirmed, and the cause is remanded to the trial court for proper sentence.

Affirmed in part and remanded.