140 So. 621

### GRAHAM v. STATE.
### 8 Div. 501.

Court of Appeals of Alabama.
March 1, 1932.

Rehearing Denied March 22, 1932.

J. A. Lusk, of Guntersville, and W. T. Starnes, of Pell City, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The defendant was indicted and charged with the killing of Eggleston Dale by running against him with an automobile. The evidence for the state tended to prove a case of involuntary manslaughter of which defendant was convicted.

One of the circumstances sought to be proved by the state was that the defendant was, at the time of the accident, driving an automobile while intoxicated or drunk. One of the state's witnesses offered to prove these facts was L. B. Pike, who testified: That he remembered about the collision in question; that it was about 9 o'clock at night; that he was traveling along the highway on which the collision occurred and met a car in the road going in the direction of the place where the collision happened; that he met only one car. From this point the witness was allowed to testify, over proper objections and exceptions, that he did not know the defendant's car. He could not tell whose it was; that it was a green Chevrolet; that he heard of the wreck on that same night; that the car was traveling about sixty or sixty-five miles an hour; that it was first on one side of the road and then on the other; that he (witness) just pulled out and stopped; that he pulled out and stopped before the car got to him; that he was at that time sixty or seventy-five yards from the car; that he stopped off of the pavement; that the car described was the only car he passed between where the wreck occurred and the intersection of the Mill Village street with the highway; that, when he met the car, it was about one-quarter of a mile from the wreck. Thereupon the court said: "Solicitor, I am inclined to let this testimony go out." The solicitor said: "The defendant himself says he passed a car right at this place." The court said: "Yes, but I believe I will sustain 'the motion and let that go out. Don't consider that gentlemen of the jury that has nothing to do with it, the testimony of this witness about meeting a car."

There was other testimony identifying the time and place of the wreck. Connecting this testimony with that of defendant who had

already testified as to time and place, the evidence might properly have been left with the jury. It would then have been for them to say whether it was defendant's car being driven at an excessive speed and in a reckless manner. This evidence having been excluded by the court, it is insisted that error to a reversal was committed by the court in its ruling on the admission of testimony which could not be corrected by the subsequent ruling excluding same. If the evidence was admissible, then the ruling of the court could not have injuriously affected defendant's right. And, in any event, necessarily, to a large extent each case presenting this question must be decided upon the merits of the particular case under review, and we will not so strictly invoke the rule laid down in Stephens v. State, 17 Ala. App. 548, 86 So. 111, as to hamper trial courts in the development of facts. If a line of circumstances is developed, which cannot be connected with the issues then on trial, the court on motion should exclude them using such terms and methods as to impress the jury not to consider such excluded testimony, and no reversal may be had on account of a failure to connect the facts, unless the facts testified to or the manner and conduct of the examination are of such nature as to prejudice defendant's rights beyond the power of the court to correct the error or in cases where the court should fail to exercise its power to correct the error. Wills v. State, 15 Ala. App. 454, 73 So. 766.

The facts in the Stephens Case were entirely of a different nature to the facts in the instant case, and, when once injected into the trial and left with the jury, as was done in that case, can never be entirely removed, while the facts here relate only to the violation of regulatory statutes.

We find no error in the record, and the judgment is affirmed.

Affirmed.