22 So.2d 341

**VINSON v. STATE.**

8 Div. 396.

Court of Appeals of Alabama.

Feb. 27, 1945.

Rehearing Denied March 27, 1945.

F. E. Throckmorton and Herbert Carmichael, both of Tuscumbia, and Beddow, Ray & Jones of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted for murder in the first degree and convicted of manslaughter in the first degree.

The evidence is in irreconcilable conflict on the prime factual issues; that for the State supports the contention that the homicide was unexcusable under the law; that for the defendant tends to establish a justifiable killing under the doctrine of self defense as the law defines that term.

It appears from the testimonial facts that the fatal and unfortunate difficulty occurred about 1 or 2 o'clock a. m. in the front yard just outside appellant's place of business. Defendant, assisted by his wife, a son, a daughter, and a young lady employee, was actively engaged in conducting a combined dance hall and lunch room. A party of four including Bob Darby, was among the customers in the place, when deceased, accompanied by several male companions, entered. It appears, also, that the two groups just mentioned had met at "Louis' Place"— another dance hall—an hour or two before, on which latter occasion some disagreement or near trouble had occurred between or among them.

It is the insistence of appellant that deceased and his friends followed the Darby party to his establishment for the purpose

of renewing the quarrel or differences in which they were engaged at "Louis' Place". In any event, when Darby and his associates left the inside of defendant's building and had· proceeded to the front yard, decedent and his company followed. Just on the outside, personal difficulties ensued among the two groups. Appellant, his wife and son became involved in the encounter. What, in fact, transpired in the yard up to the time of the killing is in dire conflict. It is evident that several received knife cuts and other wounds.

■ Efforts were made by defendant's counsel to bring into the evidence of the case the circumstances of the differences between the two party groups at "Louis' Place". We entertain the view that the details of this prior disagreement, at which appellant was not present and in no way participated, are res inter alios. Morell v. State, 18 Ala.App. 243, 91 So. 501; Carter v. State, 219 Ala. 670, 123 So. 50; Roper v. State, 25 Ala.App. 397, 147 So. 201.

■ Let it be understood we are not here holding that the privilege of free and full examination to determine interest, bias, ill will, etc., of witnesses who testify should be forbidden or abridged. Sowell v. State, 30 Ala.App. 18, 199 So. 900.

■ It is urged that error should be predicated on the ruling of the court below in not permitting appellant to lay a predicate for the impeachment of one of the State's witnesses. The record discloses that full benefit was given to this attempt when, later in the proceedings of the trial, one of the officers, to whom it is claimed the assertion was made, gave testimony that the witness did make the statement in question. While the primary court did sustain the objections to the effort to base the predicate, he subsequently permitted proof that the statement was made.

■ On the cross examination of appellant's character witnesses, in several instances, the solicitor far exceeded his privilege under the rule relating thereto. We give one example: "Say he was running a place,—we will say down here in the basement of the court house selling whiskey in violation of the law where he was selling any kind of whiskey, would you say his character was good?"

In the case of Mullins v. State, 19 So.2d 845,[1] this court endeavored to collect some of the authorities and discuss the principles applicatory to this instant query. By reference to the Mullins case, supra, and authorities cited therein, it will be apparent that the above interrogation is clearly outside the rule appertaining.

■ The record discloses the following incident: "Mr. Carmichael, counsel for the defendant, in˙his argument to the jury stated: 'He didn't have to retreat from his premises. He was on his own premises.' By the Court: 'He would have to retreat if he wasn't in his own home or within the curtilage of his home.' The defendant excepts to the remarks of the Court."

It cannot be successfully controverted nor denied that the nisi prius court, in the above quoted statement, confined the rights of the appellant within too narrow limitations. In the matter of retreat, as applied to the doctrine of self defense, a person is under no more necessity of retreating from his place of business than from his home. 26 Amer.Jur. § 157, p. 264; Hill v. State, 194 Ala. 11, 69 So. 941, 2 A.L.R. 509; Jones v. State, 76 Ala. 8; Hicks v. State, 21 Ala.App. 335, 108 So. 612; Craven v. State, 22 Ala.App. 39, 111 So. 767.

As a part of his oral charge to the jury the trial judge stated: " * * * but if he is attacked in his own home or in his place of business or within the curtilage thereof, then he does not have to retreat. * * * The principle applicable to self defense, that one's house is his castle, extends to his business house, with such space as is generally used for the purpose of dwelling, out-buildings, etc."

Two of the written charges given at the instance of appellant each include the principles pronounced in the portions of the oral charge just above quoted.

In approaching this inquiry, we are confronted with the task of deciding whether or not: (1) Under the circumstances of the ex mero motu utterance and the contents thereof, the erroneous assertion was made harmless to appellant by the oral and written charges which followed; (2) the constitutional rights of defendant were denied or abridged.

■ The "error without injury" rule finds frequent application in our appellate courts. We are not unmindful of our responsibility to give full and careful recognition to this sound judicial guide. Never-

theless, we are profoundly mindful of our duty to safeguard and protect the rights of parties litigant by diligent examination of a record on appeal to determine if there is probable injury when error is manifest. Henderson v. Tennessee Coal & Iron R. Co., 190 Ala. 126, 67 So. 414.

Appellant's attorney was interrupted by the trial judge at a place in the proceedings and under such circumstances that the jury very likely received a deeply rooted and firmly embedded impression of the purport of the judge's statement. This court is not prepared to affirm that the subsequent corrections relieved the matter of all harmful consequences to appellant. Our convictions are more securely based by reason of the fact that the rectifying efforts by the court came during the usual and ordinary course of procedure in the trial of the cause without emphasis to attempt to correct the error.

We are of the opinion, also, that the facts and circumstances attending the comment of the lower court were calculated to, and did, deter the attorney from a further discussion and presentation of the necessity of retreating as applied to appellant. Under the evidence in the case this was his privilege. Cross v. State, 68 Ala. 476; Beaird v. State, 219 Ala. 46, 121 So. 38.

If our conclusions are basic, then the constitutional rights of appellant were violated.

Section 6 of the Bill of Rights guarantees: "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either."

This sacred security has been termed a "high constitutional right." Cooley, Con. Limitations, 409. The courts are enjoined and obligated to safeguard this ancient privilege and it cannot be ignored or abrogated.

"It is the uniform course of judicial decisions, that in criminal prosecutions, upon all matters or questions of fact triable by jury, the accused or his counsel must be heard; and that the court, whatever may be the opinion it entertains of the clearness, weight, or conclusiveness of the evidence, cannot deny or withhold the right."

The foregoing is taken from the opinion in the case of Crawford v. State, 112 Ala. 1, 21 So. 214.

To save appellant from the necessity of retreat was a matter of weighty significance under the evidence in the case at bar, and the opportunity should have been accorded the attorney representing defendant to freely present to the jury this important phase of the claimed defense. We are forced to the view that there was an infringement of this constitutional favor in the instant case.

The affirmative charge in appellant's behalf was refused without error. The other refused written charges requested by appellant were either covered by the oral or given written charges, not based on the evidence, incorrect statements of the law, abstract, misleading, or invasive of the province of the jury. We see no good reason why this opinion should be burdened with a detailed treatment of these tendered instructions.

We have endeavored to give careful consideration and diligent study to all questions presented by this record. We have treated only the salient features and omitted those of mere technical nature which, in our opinion, do not affect the merits of the case and which will not likely recur on another trial.

For errors pointed out, the judgment of conviction is ordered reversed and the cause is remanded.

Reversed and remanded.