22 So.2d 179

## NETTLES v. STATE.

### I Div. 509.

Court of Appeals of Alabama.

May 15, 1945.

J. D. Ratcliffe, of Monroeville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The testimony in this case discloses conclusively, that this appellant, defendant below, shot and killed Clifton Avery, with a shot gun, as charged in the indictment. The jury, as the law requires, fixed his punishment, and in accordance with the verdict, defendant was duly and legally sentenced to imprisonment in the penitentiary for a period of ten years.

There was some slight conflict in the evidence and the trial court properly submitted the case to the jury.

There were very few exceptions reserved by defendant's earnest counsel to the court's rulings pending the trial, and but two insistences of error are presented and insisted upon on this appeal. These exceptions are so clearly without semblance of merit they really need not be discussed.

However, in the brief of the Attorney General these questions are dealt with and the argument is pertinent and correct wherein it is stated:

"The rule of law (is) that proof in reference to a previous difficulty is only admissible if tending to show malice or motive for doing the act, and in such cases it is the fact of such difficulty, and its gravity which may be proved. It is settled that the merits and particulars of a previous difficulty cannot be given in evidence. This line of testimony is admissible as shedding light on who was the aggressor. Watts v. State, 177 Ala. 24, 30, 59 So. 270, 272; Nelson v. State, 13 Ala.App. 28, 68 So. 573; Wise v. State, 11 Ala.App. 72, 66 So. 128; Folkes v. State, 17 Ala.App. 119, 82 So. 567; Thornton v. State, 18 Ala.App. 225, 90 So. 66; McClusky v. State, 209 Ala. 611, 96 So. 925.

"There was no error on the part of the trial judge in sustaining the State's objection to the question in the form propounded to witness W. B. Owens. This question in the form propounded was calculated to show a former difficulty between this appellant and the deceased, but was designed solely to show what the 'conduct' of the defendant was at another time.

"However, the appellant got the benefit of this line of testimony anyway, for he stated that he had at a prior time reported to Mr. Owens, the Deputy Sheriff of Monroe County, that the deceased had been raising a racket at appellant's place of business."

The only other insistence of error is the action of the trial court in refusing appellant's written requested charge numbered 14.

In answer to this insistence it appears there was no evidence in the record showing that any threats were made against this appellant by the deceased, and, therefore, the refused charge is abstract. 6 Alabama Digest, Criminal Law, ⊷814(1), p. 822.

In our opinion the evidence in this case was amply sufficient to support the verdict of the jury and to sustain the judgment of conviction pronounced and entered.

No motion for a new trial was made.

The record is regular in all respects. There appearing no error the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.