39 So.2d 657

**BRYANT v. STATE.**

4 Div. 518.

Supreme Court of Alabama.

Feb. 24, 1949.

Rehearing Denied April 14, 1949.

Alto V. Lee, III and Huey D. McInish, both of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

154

SIMPSON, Justice.

The defendant has appealed from a sentence of life imprisonment after a conviction of murder in the first degree. Few objections and exceptions occurred pending trial and the ones meriting treatment are those argued in brief of counsel, so discussion will be limited to them.

Defendant killed his wife in the dwelling house where they were residing and interposed a plea of self-defense. Error is asserted in the refusal of his special requested charge no. 2: "The Court charges the jury that under all the evidence in this cause, the defendant was under no duty to retreat at the time of the shooting of the deceased."

██ There was evidence tending to show that defendant was himself the assailant and at fault in bringing on the difficulty and the charge was therefore properly refused in pretermitting a consideration of such evidence, having the effect of an affirmative instruction that there was no such proof and thereby tending to mislead the jury.

██ A proper statement of the pertinent doctrine is that a person is not obligated to retreat where, being without fault in bringing on the difficulty, he is assaulted while in his dwelling house, office, or place of business, or within the curtilage thereof, and it is immaterial whether the assailant is an intruder or another lawful occupant of the premises, but a defendant not so circumstanced is without the benefit of the doctrine. Maxwell v. State, 129 Ala. 48, 57, 29 So. 981; Medlock v. State, 114 Ala. 6, 22 So. 112; Andrews v. State, 159 Ala. 14, 29, 48 So. 858; Baugh v. State, 215 Ala. 619, 112 So. 157; Wood v. State, 17 Ala.App. 654(7), 88 So. 28; Sandford v. State, 2 Ala.App. 81, 57 So. 134(9); Hicks v. State, 21 Ala.App. 335(5), 108 So. 612,

certiorari denied, 214 Ala. 675, 108 So. 614; 40 C.J.S., Homicide, § 130c, page 1015.

██ The defense proved that several months prior to the fatal difficulty the deceased assaulted the defendant with an icepick and threatened to kill him. In eliciting this proof the defendant was refused permission to introduce the alleged ice pick in evidence. In this ruling there was no error. While the defendant could introduce evidence of such prior difficulty and, to illustrate its general nature and gravity, could show that a weapon was used by the deceased and that threats accompanied the attack, he may not go into the details or the merits of the prior altercation. Watts v. State, 177 Ala. 24, 30, 59 So. 270; Buffalow v. State, 219 Ala. 407(1), 122 So. 633; Bowen v. State, 217 Ala. 574, 578, 117 So. 204; Thornton v. State, 18 Ala. App. 225, 90 So. 66; Johnson v. State, 30 Ala.App. 328, 5 So.2d 646; Nettles v. State, 32 Ala.App. 121, 22 So.2d 179. The trial court gave proper application to this principle by the stated ruling.

██ Short of these two principal arguments for error is the contention that there was reversible error in certain remarks of the solicitor who prosecuted the case. We will not deal singly with these since, after a careful consideration, we have concluded that if there were any errors they were rendered innocuous by the prompt action of the court in excluding the remarks, accompanied by proper instructions to the jury.

██ The record has had our usual careful scrutiny. The evidence was in direct conflict and the undisputed questions were peculiarly for the decision of the jury. We have found no error warranting a reversal.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.