.53 So.2d 594

## MAHALEY v. STATE.

### 8 Div. 906.

Court of Appeals of Alabama.

May 8, 1951.

Rehearing Denied May 29, 1951.

W. W. Malone, Jr., and Wm. Bruce Sherrill, Athens, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

In the lower court this appellant's jury trial resulted in a verdict of guilty of assault with intent to murder, and judgment was entered accordingly.

The appellant entered pleas of not guilty, and not guilty by reason of insanity.

The evidence is undisputed that appellant shot the victim of this assault, she being his wife, as she was retreating from him, on a public street in Athens, Alabama. Appellant fired four shots at his wife with a

pistol. One shot struck her in the back and she fell into a ditch. Appellant shot her again as she lay in the ditch, this bullet striking her in the hip.

Appellant and his wife had been separated for two weeks before the shooting. Appellant contends that this separation was because of his wife's conduct in running around with other men, particularly one Ike Robinson. According to the appellant he had seen his wife and Robinson in an automobile just immediately before the shooting, and that he "just went crazy."

The State's evidence disputes this phase of the appellant's evidence, and tends to show that the victim had not been guilty of misconduct, and that she had not been with Robinson prior to the shooting.

Be that as it may, the evidence presented by the State was amply sufficient if believed under the required rule to support the verdict rendered.

No evidence was presented in support of appellant's plea of not guilty by reason of insanity, other than his statement that he just "went crazy" when he saw his wife with Robinson. No need arises to discuss this phase of the case, it being a question solely within the province of the jury to resolve in any event.

■■ Appellant's counsel urges that the lower court erred in overruling his general objections to questions whose answers tended to show that appellant and his wife had had previous difficulties during their two year marriage, and that appellant had beaten her with his fists and sticks. No other details of these prior rencounters were elicited.

The rule is that in prosecutions for assault with intent murder and homicide, the fact of previous difficulties between a defendant and the victim, and the gravity of such difficulties may be shown in order to establish malice and intent in the present assault, though the merits and details of the previous difficulties cannot be gone into. Nettles v. State, 32 Ala.App. 121, 22 So.2d 179; Bone v. State, 25 Ala.App. 96, 142 So. 437, certiorari denied 225 Ala. 186, 142 So. 438; Blue v. State, 246 Ala. 73, 19 So. 2d 11.

In our opinion the evidence pertaining to the previous difficulties between appellant and his wife was well within the above principles, and was properly admitted. Furthermore, as we stated in Dodd v. State, 32 Ala.App. 504, 27 So.2d 259, 262: "The rule allowing the State to show the fact, but not the details of a former difficulty, is undoubtedly easier to state than to apply. The demarcation between the fact, or highlights, of a former difficulty, and its details, is indeed a tenuous and vague division. A measure of discretion should and must be allowed the trial judge in determining the extent of detailing necessary to picture and constitute the fact. Brothers v. State, 236 Ala. 448, 183 So. 433."

■ Several charges requested by the appellant were refused without error as each of such refused charges was either an incorrect statement of the legal principles involved, or was otherwise faulty.

Affirmed.

CARR, P. J., concurs in the conclusion.