89 So.2d 584

**Stancel J. GILLIAM**

v.

**STATE.**

**6 Div. 962.**

Court of Appeals of Alabama.

Nov. 1, 1955.

Rehearing Denied Feb. 7, 1956.

Richard O. Fant, Jr., Tuscaloosa, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged murder in the second degree. Appellant was convicted of manslaughter in the first degree and was sentenced to serve six years in the penitentiary.

Without dispute in the evidence at about 6:00 P.M. on April 8, 1954, on the Oliver Dam Road in the town of Northport, De-Witt Kenneth Perdue, a child nine years of age, was struck and killed by an automobile driven by appellant. The road was straight and level for some distance in both directions from the point of impact.

It is also undisputed in the evidence that defendant, who was employed in a Tuscaloosa garage, had been to Dwight Deal's home to repair the brakes on Mr. Deal's truck. Mr. Deal lived 100 yards or more south of the residence of deceased's grandfather, L. S. Williamson, where deceased and his parents were living.

Shortly before the collision, deceased and seven other children were playing in the driveway of the Rushing home. The State's evidence tends to show that several children had been playing in this driveway nearly all afternoon of the day in question. The appellant testified that he did not see any children in this driveway when he drove past it on the way to the home of Mr. Deal.

Upon leaving Mr. Deal's home the defendant drove back toward Northport on the Oliver Dam Road. At this time deceased's mother called him and he ran across the road toward the spot where she was standing in the Williamson yard. Appellant's automobile struck the deceased, inflicting injuries from which he died some 9 hours later.

The State's evidence tended to show that defendant's rate of speed was about 50 miles per hour and that the automobile carried the child some seventy-five to ninety feet from the point of impact and threw him off into the Williamson yard, turned to the left and ran about 20 feet before it came to rest on the opposite side of the road, with the front wheels off the pavement and the rear wheels in the road.

The State's witnesses testified that defendant was under the influence of intoxicating liquors; that he leaned against his car for some time; that he staggered and had the odor of intoxicating liquor on his breath; some empty bottles that had contained whiskey were found in the automobile.

The evidence for defendant tends to show that he had imbibed only two cans of beer at noon and that he was not drunk at the time of the collision. The defendant testified he was driving at a speed of about 30 miles per hour and that he first saw the child when it was only 30 feet away as it ran in front of his automobile.

There was evidence to the effect that appellant's view was obstructed immediately before the collision by a hedge along Mr. Rushing's driveway, and by a large tree in his yard, however, this evidence was controverted by other witnesses and Mr. Rushing testified the hedge began four feet from the road and was only two feet high for a distance of 24 feet from the road, and that the tree limbs did not extend below the electric lines along the street.

The evidence was conflicting as to the working condition of the brakes on defendant's automobile.

■ The principle is well recognized and has been stated many times that "In order to constitute manslaughter in the first degree, there must be either a positive intention to kill, or an act of violence from which, ordinarily, in the usual course of events, death or great bodily injury may be a consequence." Harrington v. State, 83 Ala. 9, 3 So. 425–428.

■ "If one drives an automobile in such a manner as to evidence a wanton and reckless disregard of human life at the time and place and under the circumstances, and such driving proximately causes the death of another, the act would be manslaughter in the first degree whether the positive intention to kill is proven or not. Reynolds v. State, 24 Ala.App. 249, 134 So. 815, 816; Graham v. State, 27 Ala. App. 505, 176 So. 382; Jones v. State, 33 Ala.App. 451, 34 So.2d 483." Gurley v. State, 36 Ala.App. 606, 61 So.2d 137, 139.

Under the conflicting evidence in this case the court properly and without error refused the affirmative charge. Reynolds v. State, supra; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Jones v. State, supra.

■ We are clear to the conclusion that the State's evidence in chief was sufficient to establish a prima facie case. Moreover, the court could not be held in error in overruling the defendant's motion to exclude the evidence as to either degree of manslaughter since no ground of motion was assigned. Perry v. State, 17 Ala.App. 80, 81 So. 858; Garner v. State, 34 Ala.App. 551, 41 So.2d 634.

■ The evidence was sufficient to sustain the verdict of the jury and the judgment entered. The motion for a new trial was also properly denied.

■ There is no merit in appellant's argument in brief that the trial court committed error in allowing the Solicitor to cross examine the appellant concerning his statement made in the Solicitor's office the day after the collision. The Solicitor used the statement, which had been written but not signed, as a basis for his questions on cross examination. This statement tended to contradict the defendant's statements as a witness in some material matters. The written statement was not introduced in evidence. Brown v. State, 243 Ala. 529, 10 So.2d 855.

There being no reversible error in the record the judgment of the trial court is affirmed.

Affirmed.

## On Rehearing

PRICE, Judge.

In brief on application for rehearing, appellant's counsel urges error in the trial court's action in sustaining objections by the State to several questions propounded by defendant to the State's witnesses on cross examination. No exception was reserved to the court's ruling in any of the instances complained of. Peters v. State, 240 Ala. 531, 200 So. 404; Stokley v. State, 254 Ala. 534, 49 So.2d 284.

The map or diagram drawn on the blackboard is not in the record. Consequently, the court's action in overruling defendant's objection to the use of the map and to the testimony of the witnesses in de-, scribing the location of the accident, etc., in connection with the map, is not before us for review. "We assume, therefore, that the map furnished sufficient evidence to sustain the trial court" in his rulings in this connection. Hicks v. State, 21 Ala. App. 335, 108 So. 612, 613, certiorari denied 214 Ala. 675, 108 So. 614.

Officer Brazeal testified he reached the scene a few minutes after the collision. After stating he had been driving automobiles for twenty years, he was asked: "Q. Did you apply the brakes on the car?" Defendant objected to the question because "he said he hadn't driven the car." The court overruled the objection.

In brief appellant insists his objection was improperly overruled because no predicate had been laid to show the brakes were in the same condition at the time witness tested them as they were at the time of the collision, and that the question led to further questioning of this witness in an effort to show the brakes were defective. This insistence is without merit. This question was merely preliminary. Further, there was no objection to the question because a proper predicate had not been laid, and no objection was interposed to any of the additional questions complained of.

Application overruled.