115 So.2d 289

**Roy GRAHAM**

v.

**STATE.**

**8 Div. 616.**

Court of Appeals of Alabama.

Oct. 20, 1959.

H. Neil Taylor, Russellville, for appellant.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and John G. Bookout, Montgomery, of counsel, for the State.

CATES, Judge.

March 30, 1959, Mr. J. C. Steen, a Highway Patrolman, made a complaint against Graham for reckless driving. Code 1940, T. 36, § 3. Graham appeals from a judgment of conviction which carried a fine of $200.00.

To have us reverse this judgment, Graham argues (1) the verdict was contrary to the weight of the evidence, (2) evidence of another offense was wrongfully admitted, (3) improper remarks were made by the solicitor, (4) the trial judge in charging the jury assumed a fact not in evidence, and (5) the trial judge failed to instruct the jury as to Graham's being presumed innocent.

The tendencies of the evidence adduced by the State were:

On March 29, 1959, Mr. Steen, while going along U. S. Highway 43, came upon two cars which had come in contact with each other, seemingly as they traveled in the same direction. Mr. Graham's car was damaged on the right front side and that of a Mr. Willis was damaged on the left rear door and fender.

Neither Graham nor Willis was there when Steen got to the place of the collision.

The State's second witness was Mrs. Eugene McCarley who heard the collision. The McCarleys' kitchen window gave view of the road and through it Mrs. McCarley saw Graham about "a minute before" the cars hit. She judged his speed at about seventy miles an hour.

The defense was that as Graham swung out to overtake Willis's car, the latter speeded up and when both saw another oncoming vehicle they slowed down and, in maritime metaphor, Willis's port quarter came abaft Graham's starboard bow. Thus Graham, in avoiding the oncoming vehicle, claimed he found Willis blocking his way back into the right lane. Cf. Code 1940, T. 36, § 12(a) (duty of overtaking vehicle).

■■■ We have considered the entire evidence in the record and doubt that when the State rested its case in chief the prosecution made out a prima facie case. However, we find two reasons to affirm against this particular contention.

First, Graham's own testimony supplied enough testimony to allow the case to go to the jury.

Second, the transcript of evidence, strictly viewed, does not contain all the evidence before the jury. Mr. Steen began the main part of his testimony by drawing a map on a blackboard and kept on by referring to and marking on this board. No reproduction of this diagram has been sent up for our review. Hicks v. State, 21 Ala. App. 335, 108 So. 612; Arrick v. Fanning, 35 Ala.App. 409, 47 So.2d 708; Gilliam v. State, 38 Ala.App. 420, 89 So.2d 584; Jones, Alabama Jury Instructions, § 759.

■■■ As to the solicitor's claimed prejudicial questioning and argument, we are cited first to cross-examination of defense witness, Van Hamilton:

"Q. Had he [Graham] sobered up at the time?

"A. I never did know he was drunk.

"By H. Neil Taylor: I object, it is incompetent, irrelevant, and immaterial."

No ruling of the court is shown. We forego consideration of the question because the answer was already in and no ruling of the court was insisted on.

" * * * the objection was made after the question was answered * * and the trial court never ruled on the objection."—Morris v. State, 268 Ala. 60, 104 So.2d 810, 815.

From the redirect examination of Mr. Steen, Graham points to this excerpt:

"Q. Did you get Mr. Graham's address off his driver's license?

"A. He didn't have any driver's license."

We need not go into whether the answer meant Graham was not licensed to drive or that he did not have his driver's license on his person when Steen interviewed him. Cf. Code 1940, T. 36, § 65, 2nd sent. A defense objection was sustained. The trial judge ruled in Graham's favor and hence we presume that, had Graham so moved, the court would also have stricken the answer. For a like view, see Evans v. State, 15 Ala.App. 383, 73 So. 562.

Mr. Thomas McDowell, called by the State, had seen the car Graham was driving on a side road atop "the mountain" some ten minutes before the wreck. On Graham's motion, the judge excluded the entire testimony. The record fails to show how far away "the mountain" was. Graham's motion for a mistrial claiming this evidence was highly prejudicial (even though stricken) was properly overruled. Graham v. State, 25 Ala.App. 44, 140 So. 621.

Error is claimed in the following argument made by the solicitor which the court refused to exclude from the jury:

"Your position is no different than a highway patrolman."

Standing alone this remark is not clear in meaning and without its complete contextual setting is not per se prejudicial.

We cannot assume the jurors would take this figure of speech to mean that accusing and convicting are inseparable. We distinguish such contention from the error of arguing to the jury that a higher tribunal could correct their mistakes as found in Beard v. State, 19 Ala.App. 102, 95 So. 333, and Plyler v. State, 21 Ala.App. 320, 108 So. 83.

The defendant took exception to the court's quoting Code 1940, T. 36, § 15 (motor vehicle driver following too closely), on the ground that this section was abstract under the evidence. Not having all the evidence before us, we are not able to say that there was no tendency of the evidence fitted to that provision, which reads in part:

"(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway."

We are not able to take up the fifth point—the omission of the presumption of innocence in the oral charge—because the record shows no written charge on this principle was submitted to the judge before the jury retired. Code 1940, T. 7, § 273; Jones, Alabama Jury Instructions, §§ 841–851; Knighten v. State, 35 Ala.App. 524, 49 So.2d 789.

We have reviewed the entire record and have considered all questions therein and in brief presented and conclude the judgment below is due to be

Affirmed.