144 So.2d 54

Thomas COLE

v.

STATE.

8 Div. 716.

Court of Appeals of Alabama.
Aug. 15, 1961.

Rehearing Denied Oct. 24, 1961.

Further Rehearing Denied Nov. 21, 1961.

Herman H. Ross and T. Eugene Burts, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Judge.

Thomas Cole stands convicted of murder in the second degree with a fifteen year penitentiary sentence.

Appellant admittedly shot and killed one James C. Jackson in Florence, Alabama.

The killing took place in a cafe owned and operated by Julius Cole, a first cousin of appellant. At the time of the shooting, appellant was employed in the cafe and, as Julius Cole was not present, appellant was apparently acting in a managerial capacity.

The crucial question of this appeal involves the doctrine of self-defense and more specifically the question of retreat. Although there is a great deal of conflict in the evidence, there is some evidence tending to show that the deceased was the aggressor and that appellant shot in self-defense.

■ The courts of our State have repeatedly held that one does not have to retreat from his place of business in order to invoke the doctrine of self-defense. See Bryant v. State, 252 Ala. 153, 39 So.2d 657; Cauley v. State, 33 Ala.App. 557, 36 So.2d 347; Vinson v. State, 32 Ala.App. 74, 22 So.2d 341; Nix v. State, 32 Ala.App. 136, 22 So.2d 449; Andrews v. State, 159 Ala. 14, 48 So. 858; Jones v. State, 76 Ala. 8.

The evidence shows the cafe was a lawful place of business. However, by appellant's own testimony, whiskey was sometimes sold and had been sold on the day of the shooting. The sale of whiskey was illegal as this incident occurred in a "dry" county.

■ The State contends the illegal sale of whiskey in the cafe made it a place of business from which appellant had to retreat in order to invoke the doctrine of self-defense. We are not in accord with this contention.

Our Supreme Court in the leading case of Hill v. State, 194 Ala. 11, 69 So. 941, 946, 2 A.L.R. 509, said:

"The defendant has proceeded on the idea that there was no duty of retreat by him, because the homicide occurred at the illicit distillery on the mountain, set up and maintained by the defendant and the deceased. Such a place of unlawful business will not be held to be a place of business from which those engaged are not required to retreat. The case relied on by appellant (Stevens v. State, 138 Ala. 71, 35 So. 122) is not authority to the contrary."

In Stevens v. State, cited by the court in the Hill case, supra, a homicide occurred in an apparently legal saloon in which gaming tables were being operated. In this case, the court at 138 Ala. 71, 35 So. 126, said:

"Charges 2, 3, 4, and 5 attempted to invoke the doctrine so often declared by this court that a person attacked in his own dwelling house or place of business is not required to retreat. On the facts of this case, the defendant has fallen far short of bringing himself within the protection of this principle. They simply show that he was 'flunkeying' around the saloon, whatever that may mean, the owner of which seems to have been operating the gaming tables in the cellar when and where the difficulty occurred. This fact does not show that he was engaged as an employe to operate the tables, or to perform any other service as an employe in the cellar."

At the time of the Stevens decision, the keeping of gaming tables and permitting gaming in a public house or saloon was unlawful. See Sections 4792–4811 of the 1896 Code of Alabama.

The language of the Stevens case implied that incidental unlawful acts in an otherwise lawful place of business do not make such a business a place of unlawful business from which the owner or employees must retreat.

In Cook v. State, 269 Ala. 646, 115 So.2d 101, 109, the court said:

"Charge 6 is abstract. * * * It is also faulty in that it ignores the question of the appellant being in a lawful place of business. There was much evidence by both the state and the appellant that gambling was one of the *primary functions* of the 601 Club.

This Court takes judicial notice of the fact that public gambling or running a gaming table is illegal. Title 14, Sec. 263 et seq., Code of Alabama 1940. Under the reasoning of Hill v. State, 194 Ala. 11, 69 So. 941, 2 A.L.R. 509, we must consider the business illegal and the doctrine of retreat applicable." (Emphasis added.)

In the instant case the evidence, viewed most favorably for the state, falls far short of showing that the primary function of the cafe was the illegal sale of whiskey.

An examination of the record in Vinson v. State, supra, shows that there was in that case a situation almost identical to that in the instant case. There the operator of a combination cafe and dance-hall shot and killed a customer. There was evidence that whiskey was sold without a license. In the Vinson case, although the trial court correctly charged the jury as to the law of retreat, the case was reversed for a comment made by the court to the effect that the defendant would have to retreat. There was no specific holding relative to the character of the business involved in the Vinson case, but we consider that case as some authority for the proposition that one does not have to retreat from a business the primary function of which is legal, even though some illegal or unlawful business is carried on.

■ We think that the criterion for determining whether a business is of such an illegal nature as to make the doctrine of retreat applicable is whether or not the primary function of the business is illegal such as the distillery in the Hill case and the gambling in the Cook case.

During the cross-examination of the defendant, the following occurred:

"Q. There is a back door to the place of business, isn't there? A. Yes sir.

"Q. And you could have gone out the back door if you wanted to, couldn't you?

*"The defendant objects because the man was in his own place of business.*

"The Court: Objection overruled. You can argue that to the jury.

"A. The place was left with me; I couldn't leave.

"Q. I would like for you to answer the question, could you have walked out the back door?

*"The defendant objects—anyone knows he could have walked out.*

"The Court: Objection overruled. I think what Mr. Barnes means, was there a box or something in the way to keep you from going out the back door.
"A. A box? No sir.

*"Mr. Barnes:* Q. You could have gone out the back door if you wanted to? A. Yes sir."

■■ The law does not place the duty or burden upon a defendant to retreat from his home or place of business, provided, of course, the other essential elements of self-defense are present. Since the *defendant in order to invoke the doctrine of self-defense was not required to retreat, the state should not have been allowed to prove by him that a way of retreat was open and that he failed or refused to avail himself of it.* Dennis v. State, 276, S.W. 715, 101 Tex.Cr. 454.

Reversed and remanded.

On Rehearing

PRICE, Judge.

The attorney general requests that the opinion be extended "to recite the factual situation that the evidence is undisputed to the effect that liquor was illegally sold on the day of the shooting and that appellant himself, as acting manager sold the fifty-cent drink over the counter to deceased a few minutes before he fatally shot the deceased."

The appellant admitted he had sold whiskey in the cafe on the day in question but stated positively that he did not sell whiskey to the deceased. The state's witness, Cornelia Boddie, testified she saw defendant sell a fifty-cent glass of whiskey to deceased shortly before the shooting.

Application for rehearing overruled.