The appellant was convicted of robbery and sentenced to ten years' imprisonment. The only question on appeal is whether the court improperly admitted evidence of a separate and distinct offense.
Jewell Thomas Swinney met Tommy Kent and the appellant in Bam's Cafe in Bessemer, Alabama, during the evening of May 3, 1977. Swinney was carrying fourteen hundred dollars in his wallet. Around midnight, the three men left the cafe allegedly to go listen to the appellant play his guitar and sing. Kent drove Swinney's car to the Sheraton Inn in Tuscaloosa where they met the appellant who had driven there in a different car. Prior to going into the motel Swinney placed his wallet under the car seat.
The three then left the motel in the appellant's car to go listen to music at the *Page 1320 
appellant's house. The appellant drove down a dirt road and stopped. Kent forced Swinney to completely undress and demanded his money. Both Kent and the appellant displayed knives. After Kent cut Swinney's stomach three times, Swinney told them that he had left his money in his car at the motel. The appellant and Kent then left. When Swinney returned to the motel his car had been moved and his money taken.
The appellant was charged with robbing Swinney of his glasses, shoes, clothes, car keys, and other various personal items. The appellant contends that the testimony concerning the burglary of Swinney's automobile and theft of money from that automobile was inadmissible as evidence of a separate and distinct criminal offense.
While such evidence was evidence of another offense each offense was part of a scheme to accomplish a certain purpose, i.e., the theft of the money, and was therefore admissible into evidence. Hawes v. State, 88 Ala. 37, 7 So. 302 (1889). The jury could reasonably conclude that both offenses were connected and that the appellant and his accomplice only committed the initial assault and robbery of Swinney in order to accomplish their ultimate goal of unlawfully obtaining Swinney's wallet and the large sum of money it contained.
The evidence that Swinney's wallet was removed from his automobile was also properly admitted as showing the motive for the crime charged against the appellant. "Evidence of the accused's commission of another crime is admissible if it tends to show a motive to commit the now-charged crime." Fuller v.State, 269 Ala. 312, 113 So.2d 153 (1959); Goodman v. State,52 Ala. App. 265, 291 So.2d 358 (1974); Gamble, McElroy's AlabamaEvidence (3rd ed. 1977), § 69.01 (7). Remoteness of the time of the commission of the act does not alone render it inadmissible. Wilkins v. State, 29 Ala. App. 349, 197 So. 75, cert. denied, 240 Ala. 52, 197 So. 81 (1940).
We have searched the record on appeal and, finding no error adverse to the rights of the appellant, affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.