The defendant was indicted for the shotgun slaying of his wife, Roberta White. A jury convicted him of second degree murder and set sentence at twenty-five years' imprisonment.
Although the sufficiency of the evidence to support the verdict was attacked by the defendant's motion for a new trial, no specific objection has been raised. Basically, the State's case was that the defendant intentionally shot his wife following an argument and a day during which both he and his wife had been drinking. The defendant maintained that neither he nor his wife knew that the shotgun was loaded. During an argument his wife grabbed the barrel of the weapon, which the defendant was carrying to put away, and this caused the shotgun to fire accidentally. The evidence was conflicting and presented a question for the jury as to the defendant's guilt. Consequently, the verdict will not be disturbed on appeal.Roberson v. State, 162 Ala. 30, 50 So. 345 (1909); Woods v.State, 344 So.2d 1225 (Ala.Cr.App. 1976), cert. quashed, Exparte Woods, 344 So.2d 1230 (Ala. 1977).
 I
The defendant alleges that the trial court committed reversible error in admitting evidence that the defendant had cut his wife "a long time ago". The defendant's objection to the admission of this testimony was based on the fact that the District Attorney established no time frame with regard to this prior act of hostility. The defendant also contends that this testimony should have been excluded because of the remoteness of the "cutting".
The State may prove former acts of hostility by the accused toward his homicide victim for the purpose of showing motive and intent. Dickerson v. State, 360 So.2d 1053 (Ala. 1978). A number of Alabama cases have specifically involved former difficulties between a husband and wife. Shiflett v. State,262 Ala. 337, 78 So.2d 805 (1955); Blue v. State, 246 Ala. 73, *Page 350 
19 So.2d 11 (1944); Padgett v. State, 49 Ala. App. 130, 269 So.2d 147, cert. denied, 289 Ala. 749, 269 So.2d 154 (1972); Mahaley v.State, 36 Ala. App. 89, 53 So.2d 594, cert. denied, 256 Ala. 77,53 So.2d 595 (1951).
Generally, remoteness of time affects the weight and probative value of evidence rather than its admissibility.
 "Ordinarily, remoteness of time affects the weight and probative value of evidence rather than its admissibility. It rests largely in the enlightened discretion of the court whether or not such proof will be allowed. Remoteness has regard also to factors and considerations other than mere lapse of time. It results, therefore, that it is practically impossible and not at all accurate to attempt to state a fixed rule or standard with particular reference to the time element. Of course it can be said with certainty that the tendered evidence must not be so remote in point of time as to be without causal connection or logical relation to the main event. Notwithstanding evidence may be logically relevant, its admissibility does not follow unless it has some probative value to the inquiry of instant concern."
 Smitherman v. State, 33 Ala. App. 316, 318-319, 33 So.2d 396 (1948).
Remoteness with respect to the admissibility of evidence is a relative idea and varies in its application according to the facts of each case. Dorch v. State, 40 Ala. App. 475, 476,115 So.2d 287 (1959).
While remoteness of time alone does not render the prior event inadmissible, Fields v. State, 362 So.2d 1319, 1320
(Ala.Cr.App. 1978), the trial court "is without discretion to admit a statement that is so remote as to time or circumstances that its relevance or materiality must rest in conjecture and speculation". Roberson v. State, 339 So.2d 100, 104
(Ala.Cr.App.), cert. denied, 339 So.2d 104 (Ala. 1976).
 "Whether evidence offered is too remote to be admissible is for the court, in the exercise of a sound discretion, and such ruling will not be revised on appeal unless it is plain that error was committed. However, where the competency of evidence is doubtful, the better practice is to allow the evidence to go to the jury, leaving them to determine its weight and credibility. That is to say, if the evidence tends to prove a fact for determination by the jury, however slight the evidence may be, it is relevant."
 Sorrell v. Scheuer, 209 Ala. 268, 269, 96 So. 216, 217 (1923). (Citations omitted)
See also Pitts v. State, 261 Ala. 314, 316, 74 So.2d 232
(1954).
We do not know when the defendant cut his wife except that it was "a long time ago". Under such circumstances we cannot find an abuse of the trial judge's action.
The State also proved that, "about three or four weeks" before the murder, the defendant threatened to kill the deceased; that it was a "pretty common thing to hear them arguing", and that the defendant had threatened to kill the deceased "several times". When the defendant testified in his own behalf, he admitted cutting the deceased but did not know when it happened. In light of these circumstances we hold that even if there were error in the admission of the testimony concerning this prior incident it was harmless. Alabama Rules of Appellate Procedure, Rule 45.
 II
We find no reversible error in the fact that a juror examined a shotgun, similar to that with which the victim was killed, in the privacy of her own home while the jury had separated for the evening.
The juror testified at the hearing on the motion for new trial that she "was just curious to see if my gun was like the gun of the State's evidence. The gun had no bearing on the way I went on the case." The juror stated that she did not reach a conclusion from observing the gun and did not perform any tests or experiments with the weapon other than holding it up and drawing a "bead" on a bird sitting in a tree: "I looked at the gun. I did not fire it. I did not put a shell in it. I did not mess with the hammer. I did not mess with the trigger." *Page 351 
She testified that her shotgun "didn't aid me or it didn't help me in my deliberations" and that her examination of her weapon did not influence her decision in any way.
In O'Berry v. State, 361 So.2d 1132, 1133 (Ala.Cr.App.), cert. denied, 361 So.2d 1135 (Ala. 1978), this Court stated the controlling principles. The jury should not consider evidence outside that produced at trial. Each case of alleged improper conduct must be judged by its own particular facts. The test is not whether the conduct did influence the jury but whether it might have.
While a juror's consideration of any extraneous matter is strongly condemned, Gilliland v. State, 266 Ala. 24,93 So.2d 745 (1957), in view of the juror's own testimony we do not see how the defendant could have been or was prejudiced by her actions. See Bascom v. State, 344 So.2d 218 (Ala.Cr.App. 1978).
As is our statutory duty, we have searched the record for error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.